## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

---

TABITHA THURMAN, MATTHEW MCQUEEN,
CHRISTIAN BYRD, STEPHEN HOEFLING,
JENNIFER BRYANT, ANTHONY BAMONTE,
ASHLEY ROSS, LATOYA SPENCER, GEORGE
ANDREWS, KATIE COLLIER, TIFFANY
LINEBERRY, ANDRE SMITH, JUSTIN JOHNSON
ELIZABETH PRANGE, AND ADRIEN LOCKHART.

     Plaintiffs,


**V.**

                                      NO._____

                                      JURY TRIAL DEMANDED

GREENS, BEANS AND TATERS, S O L, LLC,
BESSO'S, LLC, DR. CAREY FRIX, an Individual,
 and DR. NICOLE JENNINGS, an Individual,

     Defendants,

---

## COMPLAINT

---

     Plaintiffs, Tabitha Thurman, Matthew McQueen, Christian Byrd, Stephen Hoefling, Jennifer

Bryant, Anthony Bamonte, Ashley Lewis, Latoya Spencer, George Andrews, Katie Collier, Tiffany

Lineberry, Andre Smith, Justin Johnson and Elizabeth Prange, individually, and on behalf of all

others similarly situated, for their Complaint against Greens, Beans and Taters, S O L, LLC,

BESSO'S, LLC and, Dr. Carey Frix and Dr. Nicole Jennings, allege as follows:

# I.

## INTRODUCTION

1.  This lawsuit is brought against Greens, Beans and Taters, S O L, LLC, BESSO'S, LLC and

Dr. Carey Frix and Dr. Nicole Jennings (hereinafter "Defendants") as a collective action

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid

wages, minimum wages, and overtime wages for Plaintiffs and other similarly situated

employees who are members of a class as defined herein and currently or previously

employed by Defendants during the relevant period herein.

# II.

## JURISDICTION AND VENUE

2.  The FLSA authorizes court actions by private parties to recover damages for violations of

the FLSA wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims is based on

29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs are

residents of this district and Defendants conducted business in the district during the relevant

period herein.

# III.

## CLASS DESCRIPTION

4.  Plaintiffs bring this action on behalf of the following similarly situated persons:

All current and former hourly-paid and non-exempt salaried

employees employed in the United States who work or, have worked,

at restaurants owned and/or operated by Defendants, at any time

during the applicable limitations period covered by this Complaint

(*i.e.,* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are named Plaintiffs or elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("the class").

## IV.

## <u>PARTIES</u>

5.    Upon information and belief, Greens, Beans and Taters is an unincorporated entity owned and operated by Dr. Carey Frix and Dr. Nicole Jennings, upon information and belief, Dr. Carey Frix and Dr. Nicole Jennings exercised operational control of Greens, Beans and Taters during the relevant period herein; S O L, LLC has been incorporated as a Tennessee Limited Liability Company and has owned and operated restaurants within the district during the relevant period herein, upon information and belief, Dr. Carey Frix and Dr. Nicole Jennings exercised operational control over S O L, LLC during the relevant period herein; BESSO'S, LLC has been incorporated as a Tennessee Limited Liability Company and has owned and operated restaurants within the district during the relevant period herein, upon information and belief, Dr. Carey Frix and Dr. Nicole Jennings exercised operational control over BESSO'S, LLC during the relevant period herein;

6.    Plaintiff Tabitha Thurman resides in the district and was employed by Defendants as an hourly-paid employee and worked in their restaurants during the relevant period herein.

7.    Plaintiff Matthew McQueen was employed by Defendants as an hourly-paid employee and worked in their restaurants during the relevant period herein.

8.    Plaintiff Christian Byrd resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

9.     Plaintiff Stephen Hoefling resides in the district and was employed by Defendants as a non-exempt salaried employee and worked in their restaurants during the relevant period herein.

10.    Plaintiff Jennifer Bryant resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

11.    Plaintiff Anthony Bamonte resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

12.    Plaintiff Ashley Rose resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

13.    Plaintiff Latoya Spencer resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

14.    Plaintiff George Andrews resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

15.    Plaintiff Katie Collier resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

16.    Plaintiff Tiffney Lineberry resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

17.    Plaintiff Andre Smith resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

18.    Plaintiff Justin Johnson resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

19.    Plaintiff Elizabeth Prange resides in the district and was employed by Defendants as an hourly paid employee and worked in their restaurants during the relevant period herein.

## IV.

## ALLEGATIONS

20.    Defendants owned and exercised operational control over restaurants in which Plaintiffs and other members of the class were employed within the district and, within the relevant period herein.

21.    The primary function of these restaurants was to prepare and deliver food and beverages to customers.

22.    Defendants have been the "employer" of Plaintiffs and those similarly situated during the relevant periods herein and, within the meaning of 29 U.S.C. § 203(d).

23.    Upon information and belief, Defendants constitute an "enterprise" under 29 U.S.C. § 203(r) because they are performing related activities for a common business purpose or are otherwise under common control or a unified operation.

24.    Upon information and belief, the Defendants are an enterprise covered under 29 U.S.C. § 203(s)(1)(A)(ii) because Greens, Beans and Taters, S O L, LLC and BESSO'S, LLC's gross annual sales volume was over $500,000.00 during the Plaintiffs' employment.

25.    Upon information and belief, the Defendants are an enterprise covered under 29 U.S.C. §§ 203(r) and (s) because they engaged in interstate commerce during the Plaintiffs' employment.

26.    Each of the Defendants was the "employer" of the Plaintiffs or otherwise acted directly or indirectly in the interest of the employer as defined by Section 203(d) of the FLSA.

27.    Defendants employed Plaintiffs and those similarly situated and, were responsible for setting their pay and overtime rates, including overtime pay during the period of time in question.

28.    Defendants have had a common plan, policy and practice of requiring and, suffering and permitting, hourly-paid, non-exempt salaried employees and other members of the class, to

work "off the clock" without being paid for such time; requiring and, suffering and permitting, them to wait on company premises until there are more customers while "off the clock" and without being paid; requiring and, suffering and permitting, them to attend mandatory meetings "off the clock" without being paid; requiring and, suffering and permitting, them to be clocked out without pay for breaks of less than 20 minutes; requiring and, suffering and permitting, them to perform non-tip producing work while clocked in as a tip producing employee and paid at a tip-credit rate (resulting in their compensation to be reduced to less than the minimum wage requirements of the FLSA),;requiring and, suffering and permitting, tipped-employees to perform "side work" in excess of 20 percent of their time while being clocked in as a tipped employee and paid at a tip-credit rate, without being paid minimum wage for such time; taking and, suffering and permitting, unauthorized deductions from their pay, resulting in their compensation to be less than the minimum wage requirements of the FLSA; failing and, suffering and permitting, to pay them sub-minimum (tip-credit) pay of at least $2.13 an hour when performing tip producing work; and, failing and, suffering and permitting, to pay them all overtime pay due them.

29.    The decisions regarding the compensation and other terms and conditions of employment of Plaintiffs' and other members of the class were made through a centralized management of Defendants at their headquarters located in Henderson, Tennessee.

30.    At all times material to this action, Plaintiffs and those similarly situated are or, have been, "employees" of Defendants and, under the ownership and operational control of Dr. Carey Frix and Dr. Nicole Jennings, as defined by Section 203(e)(1) of the FLSA and, who worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

31.    Defendants employ hourly-paid and non-exempt salaried employees whose primary duties are to prepare and deliver food and beverages to customers.

32.    Plaintiffs and all other similarly situated persons are current or former employees of Defendants, under the ownership and operational control of Dr. Carey Frix and Dr. Nicole Jennings.

33.    Defendants, under the ownership and operational control of Dr. Corey Frix and Dr. Nicole Jennings, employ a uniform electronic time keeping system for tracking and reporting employee hours worked at its restaurants.

34.    Plaintiffs and other members of the class have been paid only for the hours recorded on the Defendants' uniform electronic timekeeping system.

35.    Pursuant to Defendants' uniform policies and practices, under the ownership and operational control of Dr. Carey Frix and Dr. Nicole Jennings, Plaintiffs and other members of the class have been required to perform prescribed duties before, after and during their regular shifts without being clocked-in to Defendants' electronic timekeeping system.

36.    As a result of Plaintiffs and others members of the class performing prescribed duties before, after and during their shifts without being clocked-in to Defendants' electronic timekeeping system, Defendants' timekeeping records do not reflect the total hours worked by Plaintiffs and other members of the class.

37.    Also, as a consequence of Defendants' timekeeping records not reflecting actual hours worked by Plaintiffs and other class members, when their "off the clock" work time is added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such "off the clock" work.

38.    In addition and, as a consequence of Defendants' timekeeping records not reflecting the actual hours worked by Plaintiffs and other class members, when their "off the clock" work time is added to their recorded time, Plaintiffs and other members of the class (who, as a result, will have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act), are entitled to be compensated for all such work time.

39.    The net effect of Defendants' uniform policy and practice of requiring Plaintiffs and other class members to work "off the clock" before, after and during their shifts is that Defendants willfully failed to pay Plaintiffs and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes. Defendants thereby enjoyed ill-gained profits at the expense of their employees.

40.    In addition to "off the clock" work time being unpaid, as described above and, pursuant to the uniform policies and practices of Defendants, the Plaintiffs and other members of the class have been required to "wait" on Defendants' premises before, after and during their regular shifts without being clocked-in to their electronic timekeeping system.

41.    As a result of Plaintiffs and others members of the class being required to "wait" on Defendants' premises before, after and during their shifts, without being clocked-in to Defendants' electronic timekeeping system, their timekeeping records do not reflect the total hours for which pay is owed to Plaintiffs and other members of the class.

42.    Also, as a consequence of  Defendants' timekeeping records not reflecting actual hours worked, when their "off the clock" waiting time is added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such waiting time.

43.    In addition and, as a consequence of Defendants' timekeeping records not reflecting the actual hours for which pay is owed, when their "off the clock" waiting time is added to their actual recorded time, Plaintiffs and other members of the class (who, as a result, will have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act), are entitled to be compensated for all such waiting time.

44.    The net effect of Defendants' uniform policy and practice of requiring Plaintiff' and other class members to wait "off the clock," without being allowed to leave their Defendants' premises, before, after and during their shift, is that defendants willfully failed to pay them for all straight time, minimum wages, and premium pay for overtime in order to save payroll costs and payroll taxes. Defendants thereby enjoyed ill-gained profits at the expense of their employees.

45.    In addition to the unpaid "off the clock" work time and waiting time  as described above and, pursuant to Defendants' uniform policy and practice, Plaintiff and other members of the class have been required to attend mandatory meetings without such meetings' time being recorded on Defendants' electronic timekeeping system.

46.    As a result of such meetings' time not being recorded on Defendants' electronic timekeeping system, Defendants' timekeeping records do not reflect the total hours for which Plaintiffs and other class members are entitled to be compensated.

47.    Also, as a consequence of Defendants' timekeeping system not recording the actual hours to be compensated, when the unpaid meetings' time is added to the total hours for which Plaintiffs and other class members are entitled to be compensated, Plaintiffs and other class members who have worked in excess of 40 hours per week are entitled to receive overtime compensation for such meetings' time.

48.    As a consequence of Defendants' timekeeping system not reflecting actual hours to be compensated, when the unpaid meetings' time is added to their recorded time, Plaintiffs and other class member (who, as a result, have received less than the applicable minimum wage) are entitled to receive minimum wages for all such meetings' time.

49.    The net effect of Defendants' uniform policies and practices of requiring Plaintiffs and other class members to attend mandatory meetings "off the clock" without pay, is that they have willfully failed to pay Plaintiffs and other members of the class  for all straight-time work, minimum wages, and overtime compensation in order to save payroll costs and payroll taxes. Defendants have enjoyed ill-gained profits at the expense of their employees.

50.    In addition to the unpaid "off the clock" work time, waiting time and meetings' time, as described above and, pursuant to Defendants' uniform policies and practices, Plaintiff and other members of the class have been required to clock out of Defendants' uniform electronic timekeeping system during breaks of less than 20 minutes.

51.    As a result of Plaintiffs and others members of the class being required to clock-out of Defendants' uniform electronic timekeeping system during breaks of less than 20 minutes, Defendants' electronic time timekeeping records do not reflect the total hours for which pay is owed to Plaintiffs and other members of the class.

52.    Also, as a consequence of Defendants' uniform timekeeping records not reflecting time spent in breaks of less than 20 minutes, when such break times are added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such break times.

53.    In addition and, as a consequence of Defendants' timekeeping records not reflecting breaks of less than 20 minutes, when such break times are added to their recorded time, Plaintiffs and other members of the class (who, as a result, will have been paid less than the applicable

minimum wage rate required by Fair Labor Standards Act), are entitled to be compensated for all such break times.

54.     The net effect of Defendants' uniform policy and practice of requiring hourly employees to clock-out of their uniform timekeeping system for breaks of less than 20 minutes, is that Defendants willfully failed to pay Plaintiffs and other members of the class for all straight time, minimum wages, and premium pay for overtime in order to save payroll costs and payroll taxes. Defendants thereby enjoyed ill-gained profits at the expense of their employees.

55.     In addition to the unpaid "off the clock" work time, waiting time, meetings time and unpaid breaks of less than 20 minutes and, pursuant to the uniform policies and practices of Defendants, the Plaintiffs and other members of the class have been required to perform unrelated, non-tip producing work while being clocked in to perform tip producing work at a tip-credit rate of less than the minimum wage rate required by the FLSA.

56.     As a result, Plaintiffs and other members of the class are entitled to at least the applicable minimum wage rate for all such unrelated, non-tip producing work, without applying a tip credit.

57.     Furthermore, Plaintiff and other members of the class who have worked in excess of 40 hours per week are entitled to receive overtime compensation for such unrelated, non-tip producing work, without applying a tip credit.

58.     The net effect of Defendants' policy and practice of requiring tipped employees to perform unrelated, non-tip producing work while clocked in as a tipped employee, is that Defendants willfully failed to pay Plaintiff and other class members for all straight time work, minimum wages and overtime compensation in order to save payroll costs and payroll taxes. Defendants therefore enjoyed ill-gained profits at the expense of their employees.

11

59.    In addition to performing unrelated, non-tip producing work while clocked into Defendants'
uniform electronic timekeeping system as a tipped employee and being paid sub-minimum
wages, Plaintiffs and other class members, pursuant to Defendants' uniform policy and
practice,  have been required to perform non-tipped maintenance and preparation work
("side work") incidental to their server duties in excess of 20 percent of their work time,
including such tasks as rolling silverware, refilling sugar caddies, salt and pepper shakers,
ice, and condiments; cleaning chairs, tables, booths, restaurant artifacts and décor, lights,
blinds, and windows; closing out customer checks; and performing pre-closing cleaning
tasks, such as vacuuming and/or sweeping the server's assigned area and checking dishes,
napkins, and utensils. See 29 U.S.C. Sections 203(m) and 203(t).

60.    As a result, Plaintiffs and other class members are entitled to at least the applicable minimum
wage for all "side work" in excess of 20 percent of their work, without applying a tip credit.

61.    Furthermore, Plaintiffs and other class members who have worked in excess of 40 hours per
week are entitled to receive overtime compensation for all "side work" in excess of 20
percent of their work time, without applying a tip credit.

62.    The net effect of Defendants' uniform policy and practice of requiring tipped employees to
perform "side work" for more than 20 percent of their work time while clocked in as a
tipped employee (without such additional side work being compensated at least at minimum
wage), is that Defendants willfully failed to pay Plaintiff and the other members of the class
for all straight-time worked, minimum wages, and overtime compensation in order to save
payroll costs and payroll taxes. Defendants thereby enjoyed ill-gained profits at the expense
of their employees.

63.    In addition to the wage violations alleged above and pursuant to Defendant's uniform policy
and practice, Defendants have taken and, suffered and permitted, unauthorized deductions

12

from the pay of Plaintiffs and other members of the class, resulting in their compensation to be reduced below the applicable minimum wage requirements.

64. As a result of Defendant's taking and, suffering and permitting, unauthorized deductions from the pay of Plaintiffs and others members of the class, Defendants' electronic time Defendants' timekeeping records do not reflect the total hours worked by Plaintiffs and other members of the class.

65. Also, as a consequence of Defendants' timekeeping records not reflecting actual hours worked by Plaintiffs and other class members, when such unauthorized deductions are added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such unauthorized deductions.

66. In addition and, as a consequence of Defendants' timekeeping records not reflecting the actual hours for which pay is owed, when such unauthorized deductions are added to their actual recorded time, Plaintiffs and other members of the class (who, as a result, will have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act), are entitled to be compensated for all such unauthorized deductions.

67. The net effect of Defendants' uniform policy and practice of taking and, suffering and permitting, unauthorized deductions from the pay of Plaintiff, is that defendants willfully failed to pay them for all straight time, minimum wages, and premium pay for overtime in order to save payroll costs and payroll taxes. Defendants thereby enjoyed ill-gained profits at the expense of their employees.

68. In addition to the wage violations alleged above and pursuant to Defendants' uniform policies and practices, Defendants have failed and, suffered and permitted the failure, to pay Plaintiffs and other members of the class sub-minimum wages of at least $2.13 an hour

when performing tip-producing work and not otherwise paid the applicable minimum wage rate as required by the FLSA.

69.     As a result of Plaintiffs and others members of the class not being paid at least the sub-minimum wages of at least $2.13 an hour when performing tip-producing work without otherwise being paid the applicable minimum wages as required by the FLSA, Defendants' timekeeping records do not reflect the total hours worked by Plaintiffs and other members of the class.

70.     Also, as a consequence of Defendants' timekeeping records not reflecting actual hours worked by Plaintiffs and other class members, when their unpaid sub-minimum wages are added to their recorded time, Plaintiffs and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such unpaid sub-minimum wages..

71.     In addition and, as a consequence of Defendants' timekeeping records not reflecting the actual hours worked by Plaintiffs and other class members, when their unpaid sub-minimum wages are added to their recorded time, Plaintiffs and other members of the class (who, as a result, will have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act), are entitled to be compensated for all such unpaid sub-minimum wages..

72.     The net effect of Defendants' uniform policy and practice of failing and, suffering and permitting the failure,  to pay Plaintiffs and other class members at least the sub-minimum wage rate of $2.13 when performing tip-producing work, without otherwise paying at least the applicable minimum wage for such work, is that Defendants willfully failed to pay Plaintiffs and other members of the class for all straight time work, minimum wages, and

premium pay for overtime work in order to save payroll costs and payroll taxes. Defendants thereby enjoyed ill-gained profits at the expense of their employees.

73.     In addition to the above alleged FLSA violations, Defendants have failed to pay Plaintiffs and other class members all the overtime compensation that is due them

74.    The net effect of Defendants' failure to pay Plaintiffs and other class members all the overtime compensation due them is that they willfully did so to save payroll cost and payroll taxes. Defendants thereby enjoyed ill-gained profits at the expense of their employees.

75.    Although at this stage Plaintiffs are unable to state the exact amount owed to the class, Plaintiffs believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## V.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

76.    Plaintiffs brings this action on behalf of themselves and the class as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b).

77.    The claims under the Fair Labor Standards Act may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

78.    The other members of the class are believed to be so numerous that "joinder" of all other members of the class would be impracticable. The exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery.

79.    The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class have performed work for Defendants and, were subjected to the same

operational, compensation, and timekeeping policies and practices during the relevant period herein, including not being paid for all hours worked for which they were to be compensated and/or for wages that were owed to them.

80.    Common questions of law and fact exist as to the class which predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Defendants required Plaintiffs and other members of the class to work "off the clock"  without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to work "off the clock" without compensation;

- Whether Defendants required Plaintiffs and other members of the class to wait on their premises until business picked up, while "off the clock" and, without pay.

- Whether Defendants suffered and permitted Plaintiffs and other class members to wait on their premises until business picked up, while "off the clock" and, without pay;

- Whether Defendants required Plaintiffs and other class members to clock out of their timekeeping system for breaks of less than 20 minutes, without pay;

- Whether Defendants suffered and permitted Plaintiff and other class members to clock out of its timekeeping system for breaks of less than 20 minutes, without pay;

- Whether Defendants required Plaintiffs and other class members to perform unrelated, non-tip producing work while clocked in at a tip producing employee and paid at a tip-credit rate;

- Whether Defendants suffered and permitted Plaintiffs and other class members to perform unrelated, non-tip producing work while clocked in at a tip producing employee and paid at a tip-credit rate;

- Whether Defendants required Plaintiffs and other class members to perform in excess of 20 percent "side work" while being clocked in at a tip credit rate, without being paid at least the minimum wage rate for the additional "side work;"

- Whether Defendants suffered and permitted Plaintiffs and other class members to perform in excess of 20 percent "side work" while clocked in at a tip credit rate, without being paid at least the minimum wage rate for the "additional "side work;"

- Whether Defendants took unauthorized deductions from the pay of Plaintiffs and other members of the class that caused their compensation to be reduced below the applicable minimum wage requirements of the FLSA.

- Whether Defendants suffered and permitted unauthorized deductions to be taken from the pay of Plaintiffs and other members of the class that caused their compensation to be reduced below the minimum wage requirements of the FLSA.

- Whether Defendants failed to pay Plaintiffs and other members of the class at least the sub-minimum wage rate of $2.13 an hour when performing tip-producing work and not otherwise compensated at the applicable minimum wage rate as required by the FLSA.

- Whether Defendants suffered and permitted the failure to pay Plaintiffs and other members of the class at least the sub-minimum wage rate of at least $2.13 an hour when performing tip-producing work and not otherwise compensated at the applicable minimum wage rate as required by the FLSA.

- Whether Defendants have failed to pay Plaintiffs and other class members all applicable straight time due them in order to satisfy the requirements of the FLSA.

- Whether Defendants have failed to pay Plaintiffs and the other class members all applicable overtime compensation due them, as required by the FLSA;

- Whether defendants have failed to pay Plaintiffs and other class members all applicable minimum wage compensation due them, as required by the FLSA;

- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether defendants are liable for attorneys' fees, interests and costs.

81.     Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class.  Plaintiffs have no interests adverse to the class and have retained competent attorneys who are experienced in collective action litigation.

82.     The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation

suffered by individual class members in a collective action are relatively small in comparison to the expenses, costs, and burden of litigating individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

83. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and enforced by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES
### (On Behalf of the Class)

84. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 through 83 above, as if they were fully set forth herein.

85. At all relevant times Defendants have been and continue to be employers engaged in interstate commerce within the meaning of the FLSA U.S.C. §§ 206(a) and 207(a).

86. At all relevant times, Defendants employed, and/or continues to employ, Plaintiffs and each of the other members of the class within the meaning of the FLSA.

87. At all times relevant Defendants have had a uniform policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all hours worked, for all waiting time while being required to remain on company premises, for all mandatory meetings time, for all break times of less than 20 minutes, for all unrelated, non-tip producing work at no less than applicable minimum wage, for "side work" in excess of 20 percent at no less than applicable minimum wage rate, for taking unauthorized deductions from their pay and for failing to pay at least the sub-minimum wages of $2.13 an hour when performing tip-producing work.

18

88.    As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and other members of the class, the applicable federal minimum wages for all hours worked and/or for which compensation is due, as addressed in Paragraph 75, next above, defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*

89.    Such conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

90.    Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the other members of the class, are entitled to recover compensation from Defendants for all such unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME
### (On Behalf of the Class)

91.    Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 90 above as if they were set forth herein.

92.    At all times relevant herein, Defendants have been and continue to be employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

93.    At all times relevant herein, Defendants employed, and/or continue to employ, Plaintiffs and each of the other members of the class within the meaning of the FLSA.

94.    At all times relevant herein, Defendants have had a uniform policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all hours worked, for all waiting time while being required to remain on company premises, for all mandatory meetings' time, for all break times of less than 20 minutes, for all unrelated, non-tip producing work at no less than applicable minimum wage, for "side work" in excess of 20 percent at no less than the applicable minimum wage, for taking unauthorized deductions from their pay and for failing to pay at least the sub-minimum wages of $2.13 an hour when performing tip-producing work.

95.    As a result of failing to pay Plaintiffs and other members of the class for all hours worked and/or for all hours for which they should be compensated as addressed in paragraph 82, next above, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 255(a)

96.    Due to Defendants' FLSA violations, Plaintiffs and the other members of the class are entitled to recover compensation from them for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under FLSA, 29 U.S.C. § 216(b).

**COUNT III**
**FAIR LABOR STANDARDS ACT VIOLATIONS-MINIMUM WAGES**
**(On Behalf of the Class)**

97.    Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 96 above as if they were fully set forth herein.

98.    At all times relevant herein, Defendants have been and continue to be employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

99.    Pursuant to Defendants' uniform compensation policy, it has failed to pay Plaintiffs and other members of the class the applicable minimum wage as required by the FLSA.

100.    Because of Defendants' failure to pay Plaintiffs and other members of the class for all hours worked, for all waiting time while being required to remain on company premises, for all mandatory meetings' time, for all break times of less than 20 minutes, for all unrelated, non-tip producing work at no less than applicable minimum wage, and for "side work" in excess of 20 percent at no less than the applicable minimum wage, for taking unauthorized deductions from their pay and for failing to pay at least the sub-minimum wages of $2.13 an hour when performing tip-producing work, Plaintiffs and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA.

101.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiffs and the other members of the class are therefore entitled to compensation for unpaid wages and unpaid minimum wages at an hourly rate required by the FLSA plus, the applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**<u>PRAYER FOR RELIEF</u>**

Whereas, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A.    Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and, permitting other class members to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. §216(b);

B.    On Count I, an award of compensation for unpaid wages to Plaintiffs and other members of the class;

C.    On Count II, an award of compensation for overtime to Plaintiffs and the other members of the class;

D.    On Count III, an award of compensation for unpaid minimum wages to Plaintiffs and other members of the class at the applicable minimum wage rate as required by the FLSA;

E.    On Counts I, II, and III, an award of liquidated damages to Plaintiffs and other members of the class;

F.    On Counts I, II, and III, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

G.    On Counts I, II, and III, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class; and

H.    Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by

jury on all issues so triable.

Dated:  November 18, 2013

Respectfully Submitted,

s/ Gordon E,. Jackson.
Gordon E. Jackson (#8323)
James L. Holt, Jr. (#12123)
Debra Owen (#021626)
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
gjackson@jsyc.com
jholt@jsyc.com
dowen@jsyc.com

ATTORNEYS FOR PLAINTIFF